IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RICHARD L. MOLES,**

                Plaintiff,

    v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                Defendant.

No. CV 08-6054-ST

OPINION AND ORDER

**MOSMAN, J.**,

On April 6, 2010, Magistrate Judge Stewart issued Findings and Recommendation ("F&R") (#50) in the above-captioned case recommending that I AFFIRM the Commissioner's decision. No objections were filed.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While

the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R.  28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Stewart's recommendations regarding:  (1) the ALJ's determination that Mr. Moles's testimony was not entirely credible; (2) the ALJ's duty to develop the record; and (3) the ALJ's hypothetical to the vocational expert.

## I.    Mr. Moles's Credibility

The ALJ discussed at length her reasons for finding Mr. Moles's testimony about "the intensity, persistence and limiting effects of these symptoms [to be] exaggerated and not entirely credible." *See* AR 15. Specifically, Mr. Moles was inconsistent in describing how frequently he worked with his hands, his ability to sit for prolonged periods of time, and the circumstances of his ankle injury. AR 16. In fact, Mr. Moles was so inconsistent in describing his functional limitations that a work capacity evaluator "could not arrive at a functional capacity assessment." AR 16, 171. The evaluator wrote, "[i]n our experience, patients who continue to participate in activity for several hours while they are reporting pain in the 8-10 range are demonstrating evidence of symptom magnification." AR 16, 171. These are "clear and convincing reasons" to question Mr. Moles's testimony about the severity of his symptoms. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

## II.    The ALJ's Duty to Supplement the Record

With respect to the ALJ's failure to supplement the record, I agree with Judge Stewart's conclusion that any error was harmless. At the ALJ hearing held on January 11, 2007, Mr. Moles was unrepresented by counsel. The ALJ rescheduled the hearing to March 30, 2007 so Mr. Moles could obtain counsel. Before rescheduling the hearing, the ALJ explained the hearing process to

Mr. Moles in an effort to help him understand how she would reach a decision on his claim. AR 253-63. In the course of her fifteen-minute explanation, the ALJ noted that one of Mr. Moles's physicians, Dr. Brooks, had not given any information about the functional limitations of Mr. Moles's carpal tunnel syndrome. AR 261. The ALJ handed Mr. Moles an envelope with her address and asked Mr. Moles to have Dr. Brooks "write a letter for you that says what you are and are not allowed to do with your hands, that would be very helpful to me." AR 261.

Judge Stewart presumed that ALJ's statement at the hearing triggered a duty to obtain additional information from Dr. Brooks, particularly in light of Mr. Moles's *pro se* status during the hearing. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (noting that an ALJ has a "duty to fully and fairly develop the record" and must be "especially diligent" when a claimant is unrepresented). But "[t]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (F&R (#50) 13 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).) There are several facts that show further information from Dr. Brooks would have been inconsequential to the ALJ's ultimate decision. First, the ALJ resolved Step Two in Mr. Moles's favor, describing his moderate bilateral carpal tunnel syndrome as a severe impairment. AR 13; *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (noting that an error does not require reversal when the step is resolved in the claimaint's favor). Second, the ALJ factored the functional limitations of Mr. Moles's moderate carpal tunnel syndrom into her Residual Functional Capacity ("RFC") assessment, concluding that Mr. Moles has "frequent but not constant use of his hands." AR 15.

Third, after the January 11, 2007 hearing, the ALJ obtained new information about Mr. Moles's functional capacity from his testimony at the hearing on March 30, 2007. Specifically,

the ALJ discovered that Mr. Moles engaged in significant work with his hands. In fact, Mr. Moles's hands were covered with motor oil to such an extent that it was "blatantly clear" to the ALJ that he worked frequently on engines, his motorcycles, and neighborhood bicycles. AR 16. Mr. Moles was also untruthful and evasive when asked about the extent of this work, first stating that he worked with his hands very little, and then later admitting that he did that kind of work more regularly. AR 16, 238-29. Therefore, given the March 30, 2007 evidence of Mr. Moles's actual ability to work with his hands, it is clear that the ALJ's final disability determination would not have been altered by a physician's opinion that described Mr. Moles's hypothetical limitations.

**III.    The ALJ's Hypothetical to the Vocational Expert**

I agree that the ALJ was not required to "incorporate limitations identified through claimant testimony or medical opinions that the ALJ permissibly discounted." (F&R (#50) 18-19 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).) Overall, however, the ALJ accepted most of the medical opinions in the record, and her hypothetical to the vocational expert "included limitations for virtually every one [of] Moles's alleged impairments." (*Id.* at 21.)

**CONCLUSION**

Accordingly, I ADOPT the F&R (#50) as my own opinion. The Commissioner's decision is AFFIRMED and the case is DISMISSED.

IT IS SO ORDERED.

DATED this _3rd_ day of May, 2010.

/s/ Michael W. Mosman___
MICHAEL W. MOSMAN
United States District Court